# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROSCOE BENTON, III,

    Defendant.

Case No. 14-20082
Hon. Terrence G. Berg

## ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

This matter is before the Court on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 113). Because Defendant's motion has not set forth evidence to support his claim for relief, the motion is **DENIED**.

On November 19, 2014, a jury convicted Defendant of three counts of bankruptcy fraud and one count of mail fraud. ECF No. 95 PageID.1904–05. On May 5, 2016, the Court sentenced Defendant to a term of 48 months. ECF No. 96 PageID.1974. Prior to surrendering to custody, on March 27, 2018, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The Court ordered Plaintiff to respond; it did so, albeit several days late, on July 6, 2018. ECF No. 119.

Defendant had been ordered to surrender to custody on July 12, 2018. When he failed to do so, the Court issued a warrant for his arrest. ECF No. 122. Defendant was transferred to the Bureau of Prisons to begin his custodial sentence on July 20, 2018 and is currently in custody.

Defendant's motion pursuant to 28 U.S.C. § 2255 purports to rest on several grounds. But each argument can be boiled down to essentially the same thing: Defendant does not recognize the authority of the United States, so his prosecution, conviction, and sentence are all invalid. The kind of claims made here—often called "sovereign citizen" arguments—are relatively common in habeas petitions, and federal courts have repeatedly them as frivolous. *See, e.g.*, *Walker v. Florida*, 688 F. App'x 864, 865 (11th Cir. 2017). This Court will do the same. Defendant's motion has no basis in law or fact.

Defendant also argued in his Reply (ECF No. 125) that his motion ought to be granted because Plaintiff missed the deadline to respond. Plaintiff's tardiness in filing its response endows no merit upon Defendant's nonsensical claims. Consequently, Defendant's timeliness argument is unavailing.

For the foregoing reasons, Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED.**

Dated: October 29, 2018    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 29, 2018.

s/A. Chubb
Case Manager