UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **ROSCOE BENTON, III**, <br><br> Defendant. | **4:14-CR-20082-TGB-MJH** <br><br><br> **ORDER DENYING MOTION FOR IMMEDIATE RELEASE** |

Defendant Roscoe Benton, III has filed a Motion for Immediate Release. ECF No. 130. This is a pro se filing and must be construed liberally. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). He indicates that this is not meant to be a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 130, PageID.3443 ("this is not a 2241"). The motion references his fear of contracting COVID-19 while incarcerated, the time left on his sentence, and a request for a modification of his term of imprisonment through immediate release. ECF No. 130 ("FBOP cannot protect inmates from catching this deadly virus," "with less than 13 months left on a 48 month sentence I ask that this court grants me an immediately release"). Given this information, the Court will treat this motion as requesting release under 18 U.S.C. § 3582(c)(1)(A)(i). *Cf. United States v. Black*, No. 2:12-CR-263-3, 2020 WL 2213892, at *2 (S.D. Ohio May 7, 2020). These are often called

1

compassionate release motions, and they allow courts to modify a defendant's term of imprisonment.

For now, because the Court has no way to know whether there is any basis on which a § 3582(c)(1)(A)(i) release could be granted, the motion will be denied without prejudice. This means Mr. Benton may file his motion again provided that he include additional information supporting his request which is specific and explains with sufficient detail—such by providing medical records—why he believes he is eligible for compassionate release. The reasons for this decision are explained below.

Courts may grant a motion for compassionate release and reduce a defendant's sentence only if the conditions laid out in 18 U.S.C. § 3582(c)(1)(A)(i) are met. This statute allows either the Bureau of Prisons to make the motion or a defendant to do so on his or her own behalf. If a defendant is going to make the motion, however, a court can only consider it if the following two conditions are met:

(1) The defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on their behalf. U.S.C. § 3582(c)(1)(A). This means the defendant must first ask the warden of their facility to recommend a compassionate release motion for them. If the request is denied, the defendant must make any appeals that are allowed under Bureau of Prisons policy in order to "fully

exhaust" their rights of appeal. If the defendant's request and all appeals are denied, this condition is met. Alternatively, this condition can be met if a defendant files a request with their warden and does not receive a response within thirty days. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

(2) The defendant must have "extraordinary and compelling reasons" to justify a reduction in their term of imprisonment. Recently, the Sixth Circuit Court of Appeals indicated that when a defendant files his or her own motion for compassionate release, judges have discretion to determine what counts as "extraordinary and compelling." *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *9 (6th Cir. Nov. 20, 2020). However, there are several categories of extraordinary and compelling reasons laid out in United States Sentencing Commission Guidelines that would generally qualify. These reasons include serious medical concerns, the age of the defendant (if they are over sixty-five years old and meet certain other conditions), family circumstances, or other reasons. *See generally* United States Sentencing Commission, *Guidelines Manual*, § 1B1.13 (Nov. 2018), attached.

Here, Mr. Benton has not provided any information as to whether he has exhausted his administrative rights to appeal: it is unclear whether he has asked his warden for compassionate release. He states

that he "made an attempt to comply with FBOP policies" and "sent all attempts that was made into this court." ECF No. 130, PageID.3442-43. But the record does not show any materials sent to the Court regarding requests for release. He also indicates that he filed a request in the District Court of New Jersey that was denied. *Id.* at PageID.3442. Because this request was not to his warden, however, it would not satisfy the exhaustion requirement.

Mr. Benton has also not provided any information regarding the key factor under (2) to be considered: his medical condition, medical concerns, or other information that might qualify as "extraordinary and compelling" circumstances. He needs to provide the Court with information indicating that his health conditions are such that he is particularly susceptible to the potentially dangerous consequences of contracting COVID-19, or some other evidence showing that his circumstances are "extraordinary and compelling." While the Court acknowledges Mr. Benton's concerns regarding the spread of COVID-19 in Fort Dix, without such information, the Court has no way of determining whether Mr. Benton meets the standard for granting compassionate release.

**WHEREFORE**, it is **HEREBY ORDERED**, that the Motion is **DENIED WITHOUT PREJUDICE**. If Mr. Benton chooses to do so, he can re-file his motion with a fuller explanation of his eligibility for

compassionate release, and the Court will evaluate his request accordingly.

**SO ORDERED**, this 4th day of December, 2020.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

from that guideline range. *United States v. R.L.C.*, 503 U.S. 291 (1992). Therefore, a necessary step in ascertaining the maximum sentence that may be imposed upon a juvenile delinquent is the determination of the guideline range that would be applicable to a similarly situated adult defendant.

| *Historical Note* | Effective November 1, 1993 (amendment 475). |
|---|---|

### §1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

*Commentary*

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant.**—

    (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii)    The defendant is—

           (I)    suffering from a serious physical or medical condition,

           (II)    suffering from a serious functional or cognitive impairment, or

           (III)    experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

    This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3).**—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

**Background:** The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is authorized by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." This policy statement implements 28 U.S.C. § 994(a)(2) and (t).

| *Historical Note* | Effective November 1, 2006 (amendment 683). Amended effective November 1, 2007 (amendment 698); November 1, 2010 (amendment 746); November 1, 2016 (amendment 799); November 1, 2018 (amendment 813). |
|---|---|